IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: _____

**RICHARD E. HANCOCK, JR.**,

    **PLAINTIFF,**

V.

**U-HAUL CO. OF COLORADO,**

    **DEFENDANT.**

---

## COMPLAINT AND JURY DEMAND

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    NOW COMES, Richard E. Hancock, Jr. ("**Plaintiff**") complaining of and about U-Haul Co. of Colorado ("**Defendant**"), and for cause of action would show the Court the following:

### NATURE OF THE ACTION

    This action is brought to redress the Defendant's violation of Title VII of the Civil Rights Act of 1964 ("**Civil Rights Act**"), 42 U.S.C. §2000e.  Specifically, Plaintiff states that the Defendant created a hostile work environment based on his gender, terminated his employment under false pretenses, and subsequently retaliated against Plaintiff when he presented his complaint to the Defendant.  In particular, Defendant's General Counsel responded to Plaintiff's complaint by making up additional reasons for the termination of Plaintiff's employment and further threatening to "dig deeper" to "find other instances of [Plaintiff's] false reporting and inattention to his job duties in the months leading up to his termination" if he did not drop his claims.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331; Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5(j).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that the unlawful practices alleged herein were committed with the jurisdictional boundaries of the United States District Court for the District of Colorado

## ADMINISTRATIVE PREREQUISITES

3. Prior to filing this Complaint, Plaintiff complied with all procedural prerequisites to bringing this lawsuit.

4. After submitting a written demand to Defendant, on April 24, 2020, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("**EEOC**").

5. By notice dated September 25, 2020, Plaintiff was issued a Dismissal of Charge and Notice of a Right to Sue ("Notice").

6. Plaintiff received the Notice on September 29, 2020.

7. As this Complaint has been filed within the ninety (90) days following receipt of the Notice, Plaintiff has satisfied all procedural prerequisites for suing Defendant in federal court under 42 U.S.C. §2000e-5(f)(1).

## PARTIES

8. Plaintiff, Richard E. Hancock, Jr., is an individual whose address is 1015 Happy Jack Road, Livermore, Colorado, 80536.

9. Defendant, U-Haul Co. of Colorado, is a corporation authorized to do business in the State of Colorado and may be served with a copy of Citation and Petition by and through its registered agent, CT Corp, 770 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

10. At all times material to the facts asserted herein, Defendant maintained and possessed and operated the offices located at 7540 York St., Denver, Colorado 80229.

## FACTS

11. Defendant is an employer of more than 500 employees as that term is defined by Title VII of the Civil Rights Act, 42 U.S.C. §2000e ("**Title VII**").

12. At all times relevant to this suit, Plaintiff was an employee of Defendant as that term is defined by Title VII.

13. Plaintiff began working as an employee for Defendant in March 2013 as a Field Maintenance Technician. In that position, Plaintiff was responsible for the up-keep of six (6) of U-Haul's company owned locations in Shreveport, Louisiana.

14. After only a few months, Plaintiff was asked to become a Customer Service Representative and was then promoted to Assistant Manager shortly thereafter. Plaintiff was again promoted to Field Relief Manager and eventually to a General Manager of a location in Shreveport.

15. Plaintiff performed admirably for a number of years, receiving exemplary performance reviews and promotions. Plaintiff did not have any disciplinary issues while working for Defendant and he regularly exceeded his goals and was an exceptional performer.

16. In December 2015, Plaintiff was again promoted to Area Field Manager where he served for over 3 years. Then in 2018, Plaintiff was asked to move from Louisiana to take over

the Fort Collins route in Colorado due to his expertise and knowledge of the Uhaul dealer organization.

17. In June 2019 Plaintiff interviewed for the recently vacated Marketing Company President position.

18. Despite at least six (6) individuals who were part of the selection process stating that Plaintiff was by far the most qualified candidate, the Area District Vice President, Ms. Yvette Daluz, selected a ***significantly*** less qualified female for the Marketing Company President position.

19. Critically, Plaintiff had been serving as the Area Field Manager covering a territory from Mead, Colorado to the Wyoming state line, including Estes Park, Redfeather, Loveland, Fort Collins, Windsor, Berthoud and the surrounding cities. Plaintiff initially managed sixteen (16) field offices for Defendant, which he increased to twenty-six (26) locations over the course of an approximately two (2) year period.

20. On the other hand, Ms. Linguist who was selected by Ms. Daluz to be the Marketing Company President, previous work experience merely involved being an Executive Assistant. Ms. Linguist had no prior field, operational, or management experience.

21. Thereafter, upon being named Marketing Company President, Ms. Linguist became Plaintiff's direct manager.

22. Shortly after Ms. Linguist became Plaintiff's manager, Plaintiff was subjected to increased scrutiny and despite Plaintiff's continuing to perform in a manner that was exceeding the goals established by Defendant, Ms. Linguist started to randomly scrutinize his work. Ms. Linguist never established any notable objective metrics by which Plaintiff could be judged and completely failed to specify any time period in which Plaintiff's performance would

be judged. Ms. Linguist further failed to comply with Defendant's policies and practices and instead held Plaintiff to random and arbitrary standards and practices that directly contradicted the procedures and practices established by Defendant.

23. Plaintiff raised the issues regarding Ms. Linguist's conduct toward him and failure to work with Plaintiff, with Ms. Linguist's supervisor, Ms. Daluz.

24. Within days of raising that issue with Ms. Daluz, Ms. Linguist abruptly and without warning, terminated Plaintiff's employment.

25. Instead of properly investigating the issues raised by Plaintiff and promptly taking the remedial measures necessary to correct the issues, Ms. Daluz was complicit and allowed Ms. Linguist to terminate Plaintiff's employment without any legitimate basis or reason.

26. After Plaintiff was terminated, Defendant assigned Plaintiff's position to a female who was wholly unqualified for the position and did not even meet the minimum requirements as the Defendant itself had established them.

27. In response to Plaintiff's complaint opposing discrimination in the workplace and gender discrimination, the Defendant's General Counsel not only presented new and different reasons for the termination, but also vowed to "dig deeper" to "find other instances of [Plaintiff's] false reporting and inattention to his job duties in the months leading up to his termination" if Plaintiff did not discontinue the pursuit of his complaints of discrimination.

28. Defendant's actions with regard to Plaintiff were part of a larger pattern and practice of gender discrimination and retaliation that has negatively impacted a number of male employees of Defendant.

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e
### DISCRIMINATION BASED ON GENDER

29. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 28.

30. Plaintiff satisfactorily performed all the functions and requirements of his job.

31. Defendant by and through its officers and agents, wrongfully discriminated against and discharged Plaintiff because of Plaintiff's gender in violation of Title VII.

32. Defendant's discrimination and wrongful termination of Plaintiff in violation of the Title VII has caused injuries and damages to Plaintiff.

33. Defendant's actions in violation of Title VII and as stated herein, were done willfully and with the intent to injure Plaintiff.

### VIOLATION OF CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e – UNLAWFUL RETALIATION

34. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 33.

35. Defendant by and through its officers and agent wrongfully discriminated against and retaliated against Plaintiff because he made a complaint and participated in activity protected under the Title VII.

36. Defendant's discrimination and retaliation in violation of the Title VII has caused injuries and damages to Plaintiff.

37. Defendant's actions in violation of Title VII and as stated herein, were done willfully and with the intent to injure Plaintiff.

WHEREFORE PREMISES CONSIDERED, Plaintiff, Richard E. Hancock, Jr., respectfully requests that Defendant, U-Haul Co. of Colorado, be cited to appear and answer, and that Plaintiff be awarded a judgment against Defendant for any and all damages, both at law and in equity, and

such other relief to which Plaintiff may show himself entitled and which may include the following categories of damages:

a) Lost past wages and earning capacity;

b) Lost further wages and earning capacity;

c) Lost past and future bonuses, long term incentives, benefit matching opportunities;

d) Cost of lost benefits;

e) Punitive damages;

f) Attorneys' fees and costs incurred in pursuing this claim; and,

g) Such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled and show himself entitled.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 18th date of December 2020.

**DOWNEY LAW GROUP/MARK D. DOWNEY, PLLC**

/s/ Mark D Downey

_____

Mark D. Downey
No. 52210
1910 Pacific Ave, Suite 15650
Dallas, Texas 75201
Phone: 214-764-7279
mdowney@dlawgrp.com
**ATTORNEYS FOR PLAINTIFF**